# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

## ELECTRONIC CERTIFICATION

I hereby attest and certify on September 12, 2002
that the foregoing document is a full, true and correct copy of the original
on file in my office and in my custody.

CLERK, U. S. DISTRICT COURT
DISTRICT OF ARIZONA



By _____ Deputy Clerk

Electronic Certification Issued pursuant to General Order 99-3

Verification Code__VUDRSVvahvf

## UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

United States of America

v.

**WAYNE C. EVANS**
655 W. Calle Concordia
Tucson, Arizona 85737

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed on or After November 1, 1987)

No. CR 99-01267-001-TUC-FRZ

Rosemary Marquez (Appointed)
Attorney for Defendant

USM#: 07379-196   DOB: 4/25/40   SSN: 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
(Also uses SSN: 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)

**THE DEFENDANT ENTERED A PLEA OF** guilty on 10/12/01 to Count 1 of the Indictment and Count 1 of the Information.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18, USC §1163, Misappropriation of funds from an Indian Tribal Organization, Class D, a Felony offense, as charged in Count 1 of the Indictment; Title 26, USC §7206(1), Making and Subscribing to a False U.S. Individual Income Tax Return, Class E, a Felony offense, as charged in Count 1 of the Information.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is hereby committed to the custody of the Bureau of Prisons for a term of **FIFTEEN (15) MONTHS** on Count 1 of the Indictment and Count 1 of the Information, said counts to run concurrently, with credit for time served. Upon release from imprisonment the defendant shall be placed on supervised release for a term of **THREE (3) YEARS** on Count 1 of the Indictment and Count 1 of the Information, said counts to run concurrently. The Court recommends that the defendant be placed in an institution in State of Arizona.

**IT IS FURTHER ORDERED** that all remaining counts DISMISSED on motion of the United States.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay to the Clerk, U.S. District Court, Attn: Finance, Suite, 130, 401 West Washington St., SPC 1, Phoenix, Arizona 85003-2118, the following total criminal monetary penalties:

**SPECIAL ASSESSMENT:** $200.00   **FINE:** $WAIVED   **RESTITUTION:** $138,935.00

Defendant does not have the ability to pay a fine or only has the ability to pay a fine less than the guideline minimum.

All monetary penalties are due immediately or in regular monthly installments. If incarcerated, payments shall begin under the Bureau of Prisons Inmate Financial Responsibility Program. Any unpaid balance shall become a condition of supervision and shall be paid within of the expiration of supervision.

The total special assessment of $200.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Count 1 of the Indictment and Count 1 of the Information.
Restitution shall be paid to the following victims in the following amounts:
Tohono O'odham Nation in the amount of $138,935.00.

IT IS ORDERED the bond in this matter shall be exonerated upon the surrender of the defendant.
Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address.

Case 4:99-cr-01267-FRZ-CRP   Document 126   Filed 08/30/02   Page 3 of 4

CR 99-01267-001-TUC-FRZ                                                    Page 2 of 3
USA vs. WAYNE C. EVANS

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant is placed on supervised release for a term of **THREE (3) YEARS** on Count 1 of the Indictment and Count 1 of the Information, said counts to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

For offenses committed on or after September 13, 1994: The defendant shall refrain from any unlawful use of a controlled substance. Pursuant to 18 USC §3563(a)(4) and 3583(d) the defendant shall submit to one drug test within 15 days of release from imprisonment and such other periodic drug tests thereafter, as directed from time to time by the probation officer.

The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm, ammunition or other dangerous weapon as defined in 18 U.S.C. §921.

The defendant shall comply with the standard conditions of supervision:
1) You shall not commit another federal, state, or local crime during the term of supervision.
2) You shall not leave the judicial district or other specified geographic area without the permission of the Court or probation officer.
3) You shall report to the Probation Office as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month.
4) You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
5) You shall support your dependents and meet other family responsibilities.
6) You shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
7) You shall notify the probation officer at least ten days prior to any change of residence or employment.
8) You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Possession of controlled substances will result in mandatory revocation of your term of supervision. If ordered by the Court to participate in a drug and/or alcohol abuse treatment program, you shall totally abstain from the use of any alcoholic beverages or other intoxicants during and after the course of your treatment.
9) You shall not frequent places where controlled substances are illegally sold, used, distributed or administered, or other places specified by the Court.
10) You shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
11) You shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
12) You shall immediately notify the probation officer (within forty-eight (48) hours if during a weekend or on a holiday) of being arrested or questioned by a law enforcement officer.
13) You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
14) As directed by the probation officer, you shall notify third parties of risks that may be occasioned by your criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm your compliance with such notification requirement.
15) You shall refrain from possessing a firearm, destructive device, or other dangerous weapon. Possession of a firearm will result in mandatory revocation of your term of supervision. This prohibition does not apply to misdemeanor cases unless special condition imposed by Court.

Case 4:99-cr-01267-FRZ-CRP   Document 126   Filed 08/30/02   Page 4 of 4

CR 99-01267-001-TUC-FRZ                                                                Page 3 of 3
USA vs. WAYNE C. EVANS

16) Unless suspended by the Court, you shall submit to one substance abuse test within the first 15 days of supervision and at least two periodic substance abuse tests thereafter, pursuant to 18 U.S.C. §§ 3563(a)(4) and 3583(d);
17) If supervision follows a term of imprisonment, you shall report in person to the Probation Office in the district to which you are released within seventy-two (72) hours of release.
18) The balance of any financial obligation ordered by this Court shall be paid in regular monthly installments approved by the probation officer, the full amount to be paid 90 days prior to expiration of supervision. You will notify the probation officer of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

The defendant shall also comply with the following special conditions:
1. You shall submit to search of person, property, vehicles, business, and residence to be conducted in a reasonable manner and at a reasonable time by, or at the direction of, the probation officer.
2. You shall provide the probation officer access to any requested financial information.
3. You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer.
4. You shall cooperate with the Internal Revenue Service and pay all tax liabilities. You shall file timely, accurate and lawful income tax returns and provide proof to the probation officer.
5. You are restricted from engaging in the following occupation, business, or profession without prior approval of the probation office.

**THE DEFENDANT PREVIOUSLY WAIVED THE RIGHT TO APPEAL.**
The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervise release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

**IT IS FURTHER ORDERED** that the Clerk of the Court deliver two certified copies of this judgment to the United States Marshal of this district.

The Court orders commitment to the custody of the Bureau of Prisons and recommends:
that the defendant be placed in an institution in State of Arizona
The defendant shall self-surrender for service of sentence at the institution designated by the Bureau of Prisons or United States Marshal by 12:00 p.m. on 10/15/02.

Date of Imposition of Sentence: **Friday, August 30, 2002**

_____   Date   9-11-02
FRANK R. ZAPATA, United States District Judge

**RETURN**
I have executed this Judgment as follows:_____

Defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons, with a certified copy of this judgment in a Criminal case.

_____   By:_____
United States Marshal                       Deputy Marshal

CC: USA/CNSL(Rosemary Marquez)/PROB(1)/PTS/FIN/USM(2 certified)/Order Book

CR 99-01267-001-TUC-FRZ - EVANS