# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　Plaintiff,<br>vs.<br>WAYNE C. EVANS,<br>　　　　　Defendant. | No.  CR 99-01267-TUC-FRZ [CRP]<br><br>REPORT and RECOMMENDATION |

Probation Officer Denise Ahl filed a Petition to Revoke Supervised Release, alleging Defendant violated two of his conditions of supervised release. The Court approved the petition on June 7, 2005. The matter was referred to U.S. Magistrate Judge Charles R. Pyle, whom, with the consent of the parties, conducted an evidentiary hearing on October 5, 2005. At the hearing, the Defendant, his wife, and Ms. Ahl testified. Having heard and considered this testimony and the arguments of counsel, it is the recommendation of this Court that the petition to revoke conditions of supervised release be **DENIED**.

**FACTS**

On April 26, 2005, Defendant was stopped by a police officer because the vehicle registration tag on the trailer his vehicle was pulling had expired. No arrest was made and no citation was issued. A written warning was issued.

While stopped by the police officer, Defendant overheard the officer telephone his probation officer and relate the details of the stop. Sometime during the stop, the officer asked Defendant what he was doing there. Defendant apparently told the officer a house was being built for him in the area.

1  Defendant visited Ms. Ahl at the Probation Office on April 28, 2005. He did not
2  volunteer information concerning the police stop until prompted. The following week,
3  Defendant submitted his written monthly report which listed the police stop. When asked
4  why he had not called his probation officer on April 26, 2005, Defendant testified that at the
5  time, he did not think it was necessary.

6  Ms. Ahl investigated the determination that Defendant was buying a new house. Ahl
7  determined that property had been quit claimed to Defendant's wife, Madelyn Evans, and she
8  had obtained a loan to build a home on the property. The facts concerning this transaction,
9  leaving suspicions aside, are not in dispute. The property was quit claimed to Mrs. Evans
10 by her father as a gift. The property is held in her name alone. She alone made the decision
11 to build a house on the property. She applied for the construction loan and the final loan,
12 both of which are in her name alone. The name, Wayne Evans, appears in no documents in
13 connection with the transaction in issue. Both Mr. and Mrs. Evans deny that Mr. Evans had
14 anything to do with the decision to borrow money and build a house on the property gifted
15 to Mrs. Evans by her father.

**ANALYSIS**

**ALLEGATION A**.

The Government's position is that because Arizona is a community property state, when Mrs. Evans incurred the real estate loan, Mr. Evans legally incurred his portion of a community obligation. Thus, according to the Government, Mr. Evans was required to report Mrs. Evans' real estate dealings to Ms. Ahl. This Court disagrees.

Special Condition No. 3 states:

> "You are prohibited from making major purchases, incurring new financial obligations, or entering into any financial contracts without the prior approval of the probation officer."

It is undisputed that absent the Government's legal argument, Defendant did none of these things.

. . . . . . .

. . . . . . .

- 2 -

The Petition alleges in Allegation A as follows:

> "The Defendant made a major purchase without obtaining the prior approval of the probation officer by purchasing a new residence between December 2004 and March 2005."

The facts do not support the allegation.

For community property legal principles, the Government cites the Court to *Schlaefer v. Financial Management Services, Inc.*, 196 Ariz. 336, 996 P.2d 745 (App. 2000). In Arizona, debts accrued during the marriage are presumed to be community obligations, "unless there is clear and convincing evidence to the contrary." *Schlaefer*, 196 Ariz. at 339, 996 P.2d at 748. Here, as in *Schlaefer*, there is clear and convincing evidence that this is a separate obligation. The land was gifted to Mrs. Evans by her father. The lending institutions looked purely to the land and Mrs. Evans' income as the basis for repayment of the loan. Mr. Evans incurs no obligation. If the loan is not paid, Mrs. Evans' land is at risk.

There is no evidence Mr. Evans purchased a new home or incurred a new obligation in connection with purchasing a new house. Mr. Evans' past may arouse the suspicions of the Government, and the luxurious nature of the new dwelling may cause resentment, but neither is sufficient to support revocation of supervised release conditions in this case.

**ALLEGATION B**.

Allegation B alleges the failure to immediately report a law enforcement contact. Mr. Evans technically violated his provision. However, Defendant knew the probation officer had contemporaneous information concerning the stop. Additionally, upon questioning, the Defendant reported it again two days later, and he subsequently reported the contact in writing.

Defendant testified that he did not know he had to report this conduct. He should know better and hopefully will in the future, regardless of his exoneration in this instance. On the other hand, had the Court known the facts related to the alleged real estate purchase and the police questioning, it is likely no petition would have been authorized by the Court. However, the Court could determine no aspect of either event from the conclusory allegations in the Petition.

The police contact in issue was benign and unrelated to any supervision issue. Defendant's belief that he did not need to report it was self-serving and incorrect. But, revocation of supervised release conditions under these circumstances is inappropriate.

**CONCLUSION**

There is no evidence that Defendant is buying a new house or incurred a new obligation. The Government's legal argument that a community obligation was incurred is not supported by the facts of the real estate transaction in issue. There is no evidence that Defendant is the mastermind behind the decision to build the house, or even evidence that he could have done anything to stop the house from being built. The police stop was a simple traffic stop that led to a written warning, which was immediately reported by the police officer to the probation officer. Under these circumstances, this Court reports that neither allegation in the petition is supported by the facts presented to the Court.

**THEREFORE, IT IS THE RECOMMENDATION OF THIS COURT** that the Petition to Revoke Supervised Release be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1)(B), the parties have ten (10) days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 99-01267-TUC-FRZ.

DATED this 14th day of October, 2005.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE

FRZ
CRP
Matthew C. Davidson, Esq.
Robert L. Miskell, Esq.
PROB: Denise Ahl